# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Antonio Wheeler, | Case No. 2:25-cv-00648-JAD-BNW |
| Plaintiff, | |
| v. | **Order Adopting Report & Recommendation and Dismissing and Closing Case** |
| Metro Police Department, et al., | ECF No. 6 |
| Defendants. | |

On 8/14/25, the magistrate judge entered this report and recommendation [ECF No. 6]:

This Court previously dismissed Plaintiff's complaint without prejudice and with leave to amend by August 4, 2025. ECF No. 4. That order warned Plaintiff that this case would be dismissed if he failed to file an amended complaint by the deadline. *Id*. Plaintiff neither filed an amended complaint nor moved for an extension of time to do so. As a result, this Court recommends that the case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims.  The

1   third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

2   presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

3   ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th

4   Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—

5   weighs against dismissal.

6           The fifth factor requires the court to consider whether less drastic alternatives can be used

7   to correct the party's failure that brought about the court's need to consider dismissal. Courts

8   "need not exhaust every sanction short of dismissal before finally dismissing a case, but must

9   explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

10  Cir. 1986). Because this action cannot proceed without an operative complaint, the only

11  alternative is to enter a second order setting another deadline. The circumstances here do not

12  indicate that Plaintiff needs additional time nor is there evidence that he did not receive the

13  court's order given that he has consented to electronic service. *See* ECF No. 2. Setting another

14  deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors

15  dismissal.

16          In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City

17  of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors

18  support dismissal or where at least three factors "strongly" support dismissal).

19  / /

20  / /

21  / /

22  / /

23  / /

24  / /

25  / /

26  / /

27  / /

28  / /

1    **IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** for

2    failure to file an amended complaint by the court-ordered deadline.

3    <u>**ORDER**</u>

4        The deadline for any party to object to this recommendation was 8/28/2025, and no party

5    filed anything or asked to extend the deadline to do so.  "[N]o review is required of a magistrate

6    judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*,

7    328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation, I find

8    good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's

9    Report and Recommendation **[ECF No.  6] is ADOPTED** in its entirety, and THIS CASE IS

10   DISMISSED for the reasons stated in the report and recommendation.  The Clerk of Court is

11   directed to CLOSE THIS CASE.

12                  _____

13                  U.S. District Judge Jennifer A. Dorsey
                    Dated: September 3, 2025